Good morning. May it please the Court, my name is Jacques Simon. I represent Dr. Jemsek in this appeal. I sort of structured it in my head how I'm going to approach it unless you have plans for me otherwise. And I guess there's three issues that I would like to address and I will go methodically on this. First is the dismissal of the complaint by it is that the Court erroneously found that Ex parte Young does not apply to this case because there is no ongoing constitutional violation. And in that respect I structured the argument twofold. One is the concept that there is no ongoing constitutional violation which is erroneous. The other one is the case law based upon which the district court reasoned that the complaint should be dismissed. And that case law is specifically addressed in my pages 22 through 33 of the brief. And I went case by case by case by case showing this panel how it is that the cases recited by the district court do not apply in the present situation.  The perspective relief on the 42 U.S.C. 1983 is to stop this order of the Medical Board of North Carolina which is ongoing and it has continuous repercussions on my client from existing because it was fraught with bias which was recited in the complaint specifically. What are the repercussions you allege flow from that? The repercussions are he cannot practice, he cannot practice medicine in North Carolina. How did he voluntarily give up that license? No they forced him, the complaint says how they forced him to give up the license. Isn't that the way you package it that he gave it up voluntarily because it was a threat? Is that what you're saying? Correct. But the fact of the matter is he gave it up. Well he didn't, he placed it on inactive status and his license is restricted. He did that, they didn't do that. They made him do that. They said they were going to, the complaint says they were going to revoke his license if he does not go away. But you know what concerns me here is what you just said. This was a 2008 letter, that's the latest official action that we have. And then you say well the effects are ongoing. Well any time that a professional board disbars someone or takes away their medical license that's likely to be a continuing thing. The effects are ongoing. So what your, what I wonder is whether the implications of your position are to just have the federal courts reviewing and intervening in all these professional disciplinary sessions. Because if somebody's disbarred, they're disbarred, but I'm not sure that that is the best thing for the federal courts to jump in and review these proceedings collaterally and try to, I mean what you're trying to do is just get us to reopen what the medical board did. No, this is an unusual case. This is not the other case. And the reason why this is an unusual case is because we did not know about the bias until June of 2014 when Dr. Ryan in an affidavit, and that's what the complaint says. Can we stay for just a moment with the continuing violation? Yes. What would prevent Dr. Ryan from attempting to reinstate his license? Dr. Ryan is not on that board. And they pretty much I'm sorry, I mislabeled him. What would prevent the doctor from moving to reinstate his license? The medical board from reinstating his license? His license is inactive status. Disorder. Correct. Disorder prevents him from practicing medicine in North Carolina. Well, his license lapsed. His license lapsed, correct. And then disorder prevents him from Moving to reinstate it? Well, he can move to reinstate, but they're going to say no because of this order that's fraught by bias is in place. If this order was not in place, the 2006 order we're talking about, if this was not in place and he moved to reinstate it today, then he would have no black mark against him that the board can say, you know something, we're not going to give it to you. I was interested in the very question that she asked. Why isn't the proper forum not a reopening of the proceeding in federal court and a collateral attack on the professional order in federal court? Why can't he go before the board and point to information that's happened in the meantime and ask the board to reconsider and reinstate? Or you can, I'm sure, probably some recourse within the state court system of North Carolina as well. I don't know why we're here. We did. We did that already. And they said no already. And that is part of their argument that the younger abstention doctrine should apply. But that is a procedural matter. We went through the North Carolina courts. The board already said no to us. And we did not know at the time when we were going through the North Carolina courts that this decision was fraught by bias, that the 2006 decision was fraught by bias at the time when the whole system was spinning because of Janelle Ryan's disclosed bias that did not come apparent to us until 2014. Had that been the case, we would have made it part and parcel of other proceedings. But this is a federal constitutional issue. Can I just ask, when you say you did it before, are you referring to the 2008 investigation? No. We went, if you look at the supplemental affidavit, there was a state proceeding in North Carolina courts that went all the way to the North Carolina Supreme Court that did address procedural issues. But at the time, we were unaware of the bias of Dr. Ryan. So the bias of Dr. Ryan was not an issue as part of the procedural issues that fraught with the matter. So we did go to the state courts. We did go to the board. But this is not, it's not an exhaustion doctrine as I understand it. But you say that the state courts or the board rejected your position. Well, that means they just didn't agree with the merits of your allegations. But that doesn't open up a federal forum for you, the fact that the state court reaches the result, which is other than the one you would prefer. That can't be the card of entry into a federal court. Judge Wilkinson, 100 percent I agree with you. And that is, there's no doubt about it. But I do. But at the time when the state court proceedings were going on, Dr. Ryan's bias was unknown to us. We don't know anything until she says, I was connected to this Blue Cross Blue Shield at the time when this was going on and I had a financial interest. Don't make that part of your motion for reconsideration or your state court attack. I mean, the problem is that this suit to me sort of quacks like a duck. So maybe it is a duck. And it seems to me like a state court matter and a matter for the states. And I'm not sure why the district court didn't want to sort of strip the states of what remaining vestiges of authority and the sort of view of federalism that underlies Judge Boyle's ruling. This has to me, it just has state, state, state written all over it, whether it's the state courts or whether it's the thing. But the supervision of the professions has always been, is one of the few areas that the states still have, have some responsibility for. A hundred percent. But bias of the tribunal is a federal constitutional matter. And bias of the tribunal because of something that was disclosed later is a federal matter. Let me make sure I'm clear in terms of what you said earlier. Yes, Judge Lee. You had the initial proceeding, it went to the AOJ, then it went to the Supreme Court on a court of appeals, and then you had a matter pending before the Supreme Court that ultimately denied the discretionary review. And then you discovered this bias aspect of what allegedly happened during the initial proceeding. And are you saying you then went back to the board specifically and said, I want you to set this aside? I want you to reinstate his license because it was biased? No. We came... What prevents you from doing that? Because the order itself doesn't say you can't get reinstatement. Reinstatement is a totally separate part of this. The order does one thing you can always seek. The order that stands in place prevents the reinstatement, Judge. That's the problem. But it doesn't say you can't seek reinstatement. And you can go back to this board and say, I want to be reinstated because of the bias proceeding here. What would prevent that from happening, assuming time is still there to allow you to do it? Well, we didn't do it because... We didn't do it, okay? We're going to start with that premises. But we didn't do it because the bias of a tribunal is a matter of federal constitutional right. The U.S. Supreme Court said that. But you hadn't presented to the state proceedings is what I'm saying. I mean, the whole business of bringing up... Once you find something out like that, there's a procedure for that. Someone is biased and should have recused or there's evidence of it, direct or whatever conflict, you go back to the board and you say, I want my license reinstated because I just discovered one of your board members been paid by the other side of doing whatever. And then they can adjudicate and you likely could come back up through the process again with it. And if it is as clear cut as you say it is, I couldn't imagine it wouldn't have gone. At least somebody would have listened to you, I think. But you brought it to us before you did that. I did because it was a matter of federal constitutional right. Yes, but that's the problem because what you're suggesting is that the states are somehow incompetent from entertaining a federal question. But the truth of the matter is our system of course is not that tidy. Federal courts decide questions of state law and state courts decide questions of federal law. So whether it's a question of federal law or state law, that's not determinative of the venue of the jurisdictional question. That's a question of federal law. That question is an 11th Amendment question, which is whether you're trying to reopen essentially a final judgment and whether there exist remedies. Why don't there exist remedies within the state courts in innumerable ways? If you're right, you've got this allegation and who knows whether it has the slightest bit of merit. I have her affidavit. To be blunt with you, I don't understand why we're here as opposed to someplace else. Because The problem is we have an 11th Amendment and you have to come within the exception of Ex Parte Young, which I think frankly Paraguay v. Allen imposes a pretty tough barrier to get into court. One of the exceptions for you to get into court is this continuing violation. It's hard for me to see why the relief. You want the prior actions voided. It's very hard to understand how that isn't purely historical. How that isn't purely historical? It's an action that has happened. You can address it. You can go back, I suppose, and move for reconsideration and see the extent to which you are precluded from seeking reinstatement. I'm just not finding an exception. I'm just not finding an Ex Parte Young exception is the difficulty that I'm having. My time is about to expire, but what I want to say is that Please answer the question. Thank you. The Republic of Paraguay had, and I distinguished that in my brief, had nothing to do with this. In Republic of Paraguay what happened is a Paraguayan citizen got arrested. And then comes the Council of Paraguay saying that some sort of treaty was breached because the Council of Paraguay was not let known at the time that the guy got arrested. It establishes that the violation has to be an ongoing one. It was a little different because in that case the court differentiated between the rights of the individual incarcerated and the actual international treaty which the Council alleged that it was violated. I don't see why Republic of Paraguay v. Allen, that seems to me a highly pertinent case because what it does is saying when you, you know, you obviously can't seek reinstatement. You can't seek damages under the 11th Amendment, but you can seek prospective relief. But if the gravamen of the prospective relief is to reopen a concluded proceeding, which it is here because the events to which you take exception occurred between 2006 and 2008 or prior to 2000, but they occurred a long time ago. And you essentially by reinstatement or whatever your remedy is, it seems to me what you want is reinstatement, that reopens a final penal measure. And it seems to me that it's very much, I don't see, you know, we can draw fine distinctions about what's actually a judgment of conviction or this or that, but certainly the Republic of Paraguay case urges us not to create an ex parte young exception when the federal litigant is trying to unwind a concluded state proceeding and especially one of this nature which has a penal aspect analogous to some of the criminal law. That's just not, it would, it's not an unusual case, as you said. It would broaden federal interference with all kinds of state proceedings, all kinds of them. So, I find it hard to understand what the limiting principle in your position is. You say, well, I'm raising this, I'm raising a bias claim, but, you know, you can always raise a claim of procedural irregularity or whatever, but that doesn't get you here. Well Judge, you want to engage me in this dialogue, so I would like to ask this question. If a court sets up, and this is what the circuit said before, if a court, in this case it's an administrative tribunal, sets up a judgment and then we don't know that the member of the panel is biased, we don't learn about that except from their affidavit many years later, then I really have no recourse to federal courts. But the premise of the comment you made to me is that the fact that you discovered something later lets you come into federal court. Well, no, because that presumes that the entire administrative and judicial apparatus in North Carolina is incapable of resolving later information. It unwinds the state proceedings, and we are presuming the incapacity of the North Carolina courts and professional bodies to understand that and take that into account. And, you know, it's just, I come back to, I don't understand what we're doing here. I thought this was a matter of federal constitutional right to have an unbiased tribunal. Okay. Well, thank you. Mr. Feldman. Good morning. May it please the Court. My name is Stephen Feldman. I'm with the law center. Matt Sawcheck, we represent the Appalese. Drew Erdeshek, counsel for Dr. Ryan, is here as well. Could I ask a factual question? In Dr. Jemsek's complaint, it is alleged that he became aware of Ryan's conflict of interest. He did not become aware of it until June of 2014. And I believe that the Supreme Court's denial of discretionary review occurred later that year. Is that correct? It did happen. It happened later that year. Would there have been an opportunity for Dr. Jemsek to present this claim during that process? Yes, there would have been. And can you help me understand how that might have happened? Sure. The case was docketed before the state Supreme Court on a petition for discretionary review. And under Rule 37A of the State Rules of Appellate Procedure, he could have filed a motion for an indicative ruling and a remand to the trial court on a Rule 60B6 motion. That was the avenue available to him. And we had this, we've had this in our briefs on both the trial court and appellate court level. We have not heard an answer to why that is. You know, along the lines of what avenues did Dr. Jemsek have to... At the time, yeah. While it was still in state court. Right, right. He could have done that earlier. Yes, thank you. I just didn't mean to, I did not mean to talk over your honor. Nor I you. You seem to be doing it. Okay, thank you. That answered my question. Thank you, Your Honor. The other point... Could it have been made an issue for the discretionary review? I'm sorry? Could it have been made an issue within the discretionary review petition? No worries. Could they have brought it to the attention of the court on appeal? And who should bring it? Should it come from both parties or just one? I know we've got new rules in North Carolina, not applicable to this situation, but in terms of criminal perspectives. But in this instance, if the board finds out at some point in time or the proceeding that something about this proceeding was not right, and clearly, it seems very clear if these facts are true, Dr. Ryan should not have been on this, in that proceeding, should not have been in the process. And if that occurs during the process of it, you say, it seems clear that of course the petitioner is the one that should bring it. But is there not some obligation on behalf of the person who's advancing to the appellate courts that we want you to uphold this judgment that, wait a minute, there's a reason here that seems to be on his face that we didn't know about, perhaps the court needs to think about it. Or ask the court to send it back for us to reconsider and write about it. Well, a few responses to that. One, the ex parte Young analysis does not look at the merits of the claim. So his allegation about bias remains a static allegation that is not factored into this. Second, the medical board denies. And that's kind of interesting, too. Now, I agree that you don't look at the merits, but there are cases in which they get to the federal court because of the procedural due law. And as a result of that, it does get into the federal court, and the question then becomes whether or not there's perspective or retroactive relief. That's how we even get there. So I understand separately you don't go back and look at the merits of it, but inherently it's a part of it. I mean, you've got to at least figure something's there in order to even get in the federal court. Well, to that question, to the court's questions to Mr. Simon, what is the process for bringing that to light? As the court's questions indicated, the North Carolina Administrative Code provides Dr. Jemsek with an avenue, and that's reinstatement. When you involuntarily inactivate your license for more than a year, then you may seek reinstatement under 21 North Carolina Administrative Code 32B1350. And that is his avenue back into seeking reinstatement. Is there any procedural barrier to his doing so? Is there anything about the order or any other extant procedural barrier that precludes Dr. Jemsek from seeking reinstatement? Not that I'm aware of. That you're aware of? Not that I'm aware of. The court's questions to Mr. Simon reflect the reasons why this judgment merits affirmance. Do you have anything further? I do not, Your Honor. Go ahead. In terms of the injury, you're saying reinstatement is what he seeks. But if he has a license in another state, if you've got an order and a letter against you, even though you don't want to go back to North Carolina, there may be something negative that flows from that, you know, from a perspective analysis. So, I mean, why does that not factor in? We've talked about he could seek reinstatement in North Carolina. That wouldn't necessarily take away the order or the letter. And that's the injunctive relief. There's two types of relief. There's declaratory relief. I seem to be pretty clear on declaratory relief. There's injunctive relief that I'm sort of thinking about here in terms of that letter and the order. And it's still on the record. And even though we've got Republic of Paraguay, what's important there is I don't think it was the actual individual who brought that. It was the country that did it. So that seems to be a key distinction when the court said, well, you've already got your notice, country, and you've already got everything here. So it was taken by the defendant himself. I mean, he didn't bring that. And it's a different sort of thing. But I'm just thinking in terms of the perspective aspect of it and the type of injury that's being alleged here. And could that order and that letter from 2008, the order of 2006, be considered continuing, at least in that instance, in the injunction in a limited way, apply just there? I don't think so. And I think the distinction is between an injury on the one hand and the ongoing violation on the other. As the court's questions to Mr. Simon reflected, any disciplinary order from a licensing board, if it's negative, is probably going to have some long-term effects. And so I want to ask one last question because I think we got this down. And that's this. And I like to think of practical effect. If the board did its own internal sort of indication, and these facts are true with regard to Dr. Ryan, and the board itself came to the conclusion that that's not a good proceeding that went there, why wouldn't there be an incentive to say, we will give the injunction to the order and that letter? But it doesn't keep you from doing it again with a proper forum. Whereas you can come with someone other than Dr. Ryan to do it. I'm just wondering why the board, why couldn't a board this situation here just redo it? Judge Wynne, your question is, why could the board not have new proceedings so that Dr. Jemsek could have what he perceives to be an unbiased hearing on his methods? The board, in any way, independently looked at this. And it looks like to me, if those facts are true, a reasonable board probably would say, yeah, that's probably a problem. And we don't want to have that. We'll simply just do that. Well, one, as you can appreciate, the board does not agree with the substance of the allegations. But certainly on your question of if a board perceives that there has been some substantial injustice, I think it would amount to a case-by-case situation, certainly even within the board's regulations. I remember with the allegations you have here, Dr. Ryan, who was working directly with Blue Cross Blue Shield, getting paid by them, working internally with them to fashion out the very policies that led to this type of action, seems to be pretty patent. There is something wrong with that, at the very least. And I'm just thinking in terms of a public section. You get the same thing, and you can save us from having to deal with it, too. I understand the perspective that maybe the petition should do other things, go back to the state. But sometimes it just seems to me common sense ought to be who would want to be even looked at as saying that and would clean that up, so to speak. Certainly, I appreciate the concerns, and the board appreciates the concerns about not only the realities, but the perceptions, Judge Winn, that you described. And even within the board's existing regulations, if there is a disciplinary hearing ongoing, a petitioner, the subject of the proceeding, can affirmatively raise the issue of bias or issues for recusal. Here, Dr. Jemcek says, I didn't know, so I couldn't raise it. But to your question, the board does care and has regulations even to that effect. Well, the other point I think that's worthwhile here is that every professional disciplinary action will have some ongoing effect. It's almost impossible for it not to have an effect because in the future, if you apply for a law license, people will ask, have you been the subject of any kind of professional sanction? And so the thing I'm concerned about is if you allow this ongoing effect idea, which attaches to every professional disciplinary proceeding, to ipso facto provide a ticket of admission to federal court, we've essentially negated the ability of states, which I believe is there, to clean up their own act. Maybe this experience is anecdotal, but my experience with the bar, for example, and I can't imagine that it would be any different from a medical board, is that for reasons of public appearances and others, they are very, very concerned about handling the disciplinary process in an appropriate way. I mean, I don't think it's the kind of thing, I've not seen them take it lightly. Leasing themselves is consistent with the highest professional standards, and I think most professional bodies really take that to heart. Certainly the medical board does, Your Honor, and your concern about the lack of a limiting principle on the continuing effect is... I just have a certain degree of confidence in professional boards and courts. As my good colleague Judge Wynn says, you know, a court anywhere would say, you know, we want to look into this, and if the allegations were proven to be true, I can't imagine that the North Carolina courts or professional boards would turn a blind eye to it, if it's true. I have no idea. The board certainly takes these issues very seriously. If the panel has no further questions, we respectfully ask that the district court's order be affirmed. Do you have any questions? No, thank you. Okay. Thank you, Your Honor. Thank you. Mr. Simon, you have some rebuttal time. Thank you, Judge Wilkinson. Judge Wynn, I wanted to pick up on what it is that you said, and this is something very interesting. The present members of the North Carolina board, or the way they were when we first started this lawsuit, I haven't checked if they're still there, they're aware of what the allegations were. They're aware of what Dr. Ryan said in her affidavit, yet nobody scratched their head in that state agency saying, you know, maybe you should be looking into that to set this aside. We came here because to discover something egregious like that by her own admissions in another case, in another federal court, in an affidavit which was recited in the complaint, does something major to us. We don't expect to be... The question is, is there a way you could have taken this issue to that present board? In other words, could you have gone back by virtue of asking for the license to be reinstated and made this very argument? There is no way to go back to the board to tell them that nine years later we discovered bias of that particular member. The procedure, the regulations in North Carolina do not allow for that. What they allow us to do is within 30 days after that order is issued, to go up the ladder. What they allow us to do is to go back to the board and challenge jurisdictional issues, procedural issues, which we did. But there is no vehicle in North Carolina by which we can bring in the bias of that particular member that we discovered in 2014 to be reconsidered by this board. The board only considers factual matters in that order. That's their expertise. That's what they do. Constitutional matters such as the bias of a past member are matters for the court. That's why I came here. I didn't come here to waste anybody's time. I came here because I thought that somebody's affidavit, Dr. Ryan's affidavit in 2014, was some pretty egregious for us to bring, and we found that a constitutional violation. You didn't make up this vehicle for bringing these cases here. There have been cases like this that come to federal court. You didn't make this up. We're not saying that. We're just trying to look at it to determine if this particular case doesn't have some aspects of it that would say there were other avenues, and we particularly would like for the state to address those things and have a chance to do it if that avenue is available. I understand the principle of deference and comedy and federalism. I just don't believe that there's no remedy anywhere in the state of North Carolina for these kinds of things. You may be disappointed that your petition was rejected and everything, but I just don't believe that there is no remedy within North Carolina for that, and I'm not sure what difference it makes. That petition had nothing to do with the issues before this court because it didn't happen while that petition was pending. That petition had to do with procedural issues, number one. Number two, in order for me to get to the North Carolina Supreme Court, I've got to start somewhere at the board and tell them, please set it aside because there is bias. There is no such vehicle in North Carolina. That's why I'm here today. That's why I'm here today. I've got nowhere to go. Thank you, sir. Thank you. We'll adjourn court and come down and bring counsel.
judges: J. Harvie Wilkinson III, Allyson K. Duncan, James A. Wynn Jr.